IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TOMMY LIGHTFOOT, § | | |
| PLAINTIFF, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:07-CV-608-BE | |
| § | | |
| OBIM FRESH CUT FRUIT CO., § | | |
| DEFENDANT. § | | |

MEMORANDUM OPINION AND ORDER

Came on for consideration Defendant's Motion to Dismiss (doc. 15).[1] Defendant asserts that Plaintiff's claims of retaliation and of discrimination under the Americans with Disabilities Act should be dismissed because Plaintiff has failed to allege necessary requirements and essential elements in support of either claim. A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). *See generally* FED. R. CIV. P. 12(b)(6). The court must accept as true all well pleaded, non-conclusory allegations in the complaint, and must liberally construe the complaint in favor of the plaintiff. *Lowrey v. Texas A &M Univ. Sys.*, 117 F.3d 242, 246-247 (5th Cir. 1997); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). However, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as factual allegations will not suffice to prevent the granting of a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *Spiller v. Texas City*, 130 F.3d 162, 167 (5th Cir. 1997); *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). A court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt from the

---

[1] The court previously denied this motion as moot after dismissing the case for unrelated reasons; however, the court later set aside that order and reinstated the case.

face of the plaintiff's pleadings that he can prove no set of facts in support of his claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 592, 594 (5th Cir. 1991).

Having considered the pleadings, the court agrees that Plaintiff's complaint does not provide the fair notice contemplated by even the liberal pleading standards of the Federal Rules of Civil Procedure. FED. R. CIV. P. 8(a)(2); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). But at this early juncture in the case, the court is not convinced that Plaintiff can prove no set of facts that would entitled him to relief or that allowing Plaintiff to replead would be a pointless exercise. Plaintiff will be extended the opportunity to amend his complaint to identify the legal basis and the factual basis for his claims, including information about his satisfaction of prerequisites such as exhaustion of available administrative remedies before filing this action.

## ORDER

Accordingly, Defendant's Motion to Dismiss is Denied.

It is further ORDERED that Plaintiff shall file an amended complaint within twenty (20) days from the date of this Order.

SIGNED APRIL 28, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE