IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TOMMY LIGHTFOOT, §
      PLAINTIFF, §
§
v. § CIVIL ACTION NO. 4:07-CV-608-BE
§
OBIM FRESH CUT FRUIT CO., §
      DEFENDANT. §

MEMORANDUM OPINION AND ORDER

Came on for consideration Defendant's Motion to Dismiss (doc. 30). Defendant OBIM Fresh Cut Fruit Company asserts that Plaintiff Tommy Lightfoot's amended complaint must be dismissed for failure to state a claim upon which relief can be granted. *See generally* FED. R. CIV. P. 12(b)(6). The court finds that the motion should be granted for the reasons that follow.

A.    STANDARD OF REVIEW

A motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). *See generally* FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The pleading must provide the defendant with fair notice of what the claim is and the grounds upon which it rests. *Id*. at 1964-1965. The facts alleged in the complaint are taken as true and the allegations are construed in the light most favorable to the plaintiff. *Southwestern Bell Tel. v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). Factual allegations must be enough to raise a right to relief above the speculative level, with the assumption that all the allegations in the complaint are true even if they are doubtful in fact. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

B.    SUMMARY OF CASE

Lightfoot is a 36-year-old African-American. He has mild mental retardation and an adjustment disorder. While employed by OBIM, he filed a complaint with the Equal Employment Opportunity Commission (EEOC), claiming discrimination on the basis of race and disability (Charge I).[1] Lightfoot and representatives of OBIM attended an EEOC-sponsored mediation session on September 15, 2005, which ended in Lightfoot's termination. Although OBIM asserted that Lightfoot was terminated for assaulting other participants during the mediation, Lightfoot disputes that assertion. The EEOC has issued no right-to-sue letter with respect to Charge I. Lightfoot also filed a charge of discrimination with the EEOC for retaliation (Charge II) and received a right-to-sue letter with respect to Charge II, but concedes that he did not bring suit on his retaliation claim within the prescribed time limits after receiving that letter.

Lightfoot filed suit against OBIM on September 14, 2007, and OBIM timely removed the case to federal court. Because of deficiencies in the complaint, the court provided Lightfoot with an opportunity to replead and identify the factual basis and legal basis for his claims, including information addressing his exhaustion of administrative remedies. Lightfoot amended his complaint, but OBIM has moved for dismissal of the amended complaint for failure to state a claim on which relief may be granted.

---

[1] In deciding a motion to dismiss for failure to state a claim, the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken without converting the motion to one for summary judgment. *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017-18 (5th Cir.1996). Lightfoot's counsel has provided chambers with copies of two administrative charges (for race discrimination and retaliation) and a right-to-sue letter he received from the Equal Employment Opportunity Commission (EEOC), but those documents are not authenticated, attached to the complaint, or filed as part of the official electronic record for this case. The court will not consider those materials in assessing the sufficiency of the complaint for present purposes.

**Memorandum Opinion and Order—Page 2**

C.   DISCUSSION

   1.   Federal Causes of Action

      a.   Disability Discrimination

OBIM asserts that Lightfoot has not alleged sufficient facts to set out a prima facie case of disability discrimination under the Americans with Disabilities Act (ADA). The establishment of a prima facie case, however, is an evidentiary standard, not a pleading requirement. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510, 122 S.Ct. 992, 996, 152 L.Ed.2d 1 (2002). Lightfoot's complaint provides adequate notice of the factual basis on which his cause of action for disability discrimination rests.

OBIM also asserts that Lightfoot has not alleged facts showing that he has satisfied the administrative prerequisites before bringing suit. *See Whitehead v. Zurich American Ins. Co.,* 348 F.3d 478, 480-481 (5th Cir. 2003)(noting that case may be dismissed without prejudice under Rule 12(b)(6) based on failure to exhaust administrative remedies). In his complaint, Lightfoot asserts that "to the extent possible, conditions precedent to jurisdiction have occurred or been complied with," but he also alleges that the EEOC has issued no right-to-sue letter with respect to his administrative complaint for disability discrimination.

Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)(extending Title VII administrative requirements to ADA claims). Receipt of the notice of the right to sue is not a jurisdictional prerequisite, but it is a condition precedent to bringing suit. *Neal v. IAM Local*

*Lodge 2386*, 722 F.2d 247, 249-250 (5th Cir. 1984).[2] If a right-to-sue letter has not yet been issued at the time the plaintiff files suit, the plaintiff can cure this failure to exhaust by demanding a letter from the EEOC so he can proceed with his suit. *See id*. at 250. *See also* 42 U.S.C. § 2000e-5(f)(1) (providing that EEOC shall issue letter if 180 days have passed since charge was filed and EEOC has not filed civil action or entered into conciliation agreement). Nonetheless, a premature suit is still subject to a motion to dismiss at any time before the notice of right to sue is received. *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1218 (5th Cir. Unit B 1982).[3] The dismissal is without prejudice, allowing the plaintiff to bring a new action upon receipt of a right-to-sue letter. *Id. See also Barton v. American Eurocopter Corp.*, 2002 WL 32487882, *2-3 (N.D. Tex. Oct. 10, 2002). Because OBIM has filed a motion to dismiss and there is no indication that Lightfoot has exhausted his administrative remedies, Lightfoot's ADA claim will be dismissed without prejudice.

        b.      Race Discrimination

Lightfoot asserts that his employer discriminated against him on the basis of race in violation of Title VII. *See generally* 42 U.S.C. § 2000e-2. OBIM asserts that Lightfoot has failed to plead exhaustion of remedies and has not demonstrated that he satisfies the prerequisites for bringing suit.

Lightfoot must satisfy administrative prerequisites before bringing suit on a Title VII claim for racial discrimination. *See* 42 U.S.C. § 2000e-5(e), (f). *See also Dao*, 96 F.3d at 789. He alleges that he timely filed a charge of race discrimination with the EEOC, but admits that he has not

---

[2] Part of the court's opinion in *Neal*, involving whether the filing of the EEOC right-to-sue letter constituted proper and timely commencement of suit under Title VII, was overruled by *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). *See Firle v. Mississippi State Dept. of Educ.,* 762 F.2d 487, 489 (5th Cir. 1985). The portion of *Neal* involving a complainant who files suit prematurely was not affected.

[3] "Unit B" cases, even those decided after 1981, are binding precedent in this circuit. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1422 n. 8 (5th Cir.1996). To the extent *Neal* could be read contrary to *Pinkard*, the earlier case must control.

received the statutory notice of his right to bring suit. *See* 42 U.S.C. § 2000e-5(e), (f). Like his ADA claim, Lightfoot's Title VII cause of action for race discrimination is unexhausted and will be dismissed without prejudice.

        c.        Retaliation

OBIM argues that Lightfoot has failed to establish exhaustion of remedies or sufficient facts to support his claim of retaliation. *See* 42 U.S.C. § 2000e-3. Lightfoot alleges that OBIM engaged in retaliation by terminating him after he exercised his right to file a charge with the EEOC. He also alleges that OBIM's position that it terminated him based on his conduct at the mediation session is fabricated. Lightfoot's allegations of retaliation are factually sufficient; however, there are procedural problems with Lightfoot's retaliation claim.

In his complaint, Lightfoot admits that he presented his retaliation claim to the EEOC and received a right-to-sue letter, but did not timely file suit thereafter. A plaintiff alleging discrimination under Title VII must file a lawsuit within ninety days of receiving a right to sue letter. 42 U.S.C. § 2000e-5(f)(1). Lightfoot asserts that this claim is nonetheless properly before the court because his retaliation claim grew out of his earlier EEOC charge of employment discrimination, thus he was not required to file a separate EEOC charge for retaliation. Lightfoot relies on *Gupta v. East Texas State Univ.*, 654 F.2d 411 (5th Cir. 1981), in which the Fifth Circuit ruled that the court has ancillary jurisdiction over a retaliation claim growing out of an earlier charge that is properly before the court even though the retaliation claim itself is unexhausted.

*Gupta* is distinguishable on its facts. As a threshold matter, there is no basis for ancillary jurisdiction because Lightfoot's race and disability discrimination claims are not properly before this court. In addition, the Fifth Circuit identified practical reasons and policy justifications for excusing

**Memorandum Opinion and Order—Page 5**

the exhaustion requirement that are not relevant when the charge of retaliation has in fact been presented to the EEOC. *See id*. at 414. *Gupta* did not involve a complainant who utilized the administrative process, was notified of his right-to-sue, then failed to act with diligence in pursuing his claim, and Lightfoot does not otherwise argue that there are equitable reasons that excuse his delay in filing suit. Dismissal is appropriate as Lightfoot's complaint demonstrates that he can prove no set of facts that would entitle him to relief on his Title VII retaliation claim.

        d.        Section 1981

Lightfoot argues that his complaint also states claims for discrimination and retaliation under 42 U.S.C. § 1981, which does not share Title VII's administrative exhaustion requirements.[4] Plaintiffs may plead causes of action under both Title VII and § 1981 against private employers to remedy discrimination in private employment contracts and associated retaliatory conduct. *See CBOCS West, Inc. v. Humphries*, 128 S.Ct. 1951, 1961 (2008); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). But despite the opportunity to amend his pleading, Lightfoot has not included both causes of action in his amended complaint. Lightfoot has not alleged that OBIM's actions violated his civil rights with respect to any of the activities enumerated in § 1981, and he does not assert, even in conclusory fashion, that relief is being sought for violations of this statute. If he intended to raise these claims, Lightfoot should have provided fair notice in his amended complaint that he was seeking relief under § 1981 as well as

---

[4] Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. 42 U.S.C. § 1981(a). To "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. *Id*. § 1981(b).

Title VII.[5]

   2.   State Causes of Action

OBIM also asserts that Lightfoot has failed to state a claim for discrimination or retaliation under state law, specifically the Texas Commission on Human Rights Act (TCHRA).[6] *See generally* Tex. Labor Code Ann. § 21.001 et seq. (Vernon 2006). OBIM contends that dismissal is appropriate because Lightfoot has not filed administrative charges on his state law claims of discrimination or retaliation.

TCHRA requires the exhaustion of state remedies as a jurisdictional prerequisite to bringing suit. *Jones v. Grinnell Corp.*, 235 F.3d 972, 974 (5th Cir.2001)(citing *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex.1991)). A complaint must be filed within 180 days of the occurrence of the alleged unlawful employment practice and untimely complaints are subject to dismissal. Tex. Labor Code. Ann. § 21.202(a) (Vernon 2006). The state commission has 180 days to act on the complaint, and if it dismisses the complaint or is unable to resolve the complaint, it must notify the complainant in writing. *Id*. § 21.208. The complainant is given sixty days to file a civil action upon receiving this notice. *Id*. § 21.254. An EEOC right-to-sue letter is not interchangeable with notice from the state commission. *Vielma v. Eureka Co.*, 218 F.3d 458, 464 (5th Cir. 2000). And whether he receives a letter or not, the complainant must bring suit within two years of filing the administrative complaint. Tex. Labor Code Ann. § 21.252(d) (Vernon 2006) (failure of state agency to issue statutory notice does not affect complainant's right to bring civil

---

[5] The amended complaint does not specifically cite Title VII either, but does allege that Lightfoot filed charges of employment discrimination with the EEOC before bringing suit. Thus, the complaint sufficiently states that Lightfoot's claims arise under Title VII.

[6] The powers and duties of the Commission on Human Rights were transferred to the Texas Workforce Commission Civil Rights Division (TWC-CRD) in 2004, but for clarity and consistency, the court will refer to Lightfoot's state causes of action as TCHRA claims. *See id*. § 21.0015.

**Memorandum Opinion and Order—Page 7**

action); *id.* § 21.256 (civil action must be brought no later than second anniversary of the date complaint relating to the action is filed). *See also Lottinger v. Shell Oil Co.,* 143 F. Supp. 2d 743, 753 (S.D. Tex. 2001)(noting mandatory and jurisdictional nature of limitations period). Despite the opportunity to amend, and specific instructions to address the exhaustion requirement, Lightfoot has not alleged that he complied with the state-mandated administrative prerequisites before filing suit on his TCHRA claims.[7] Lightfoot's claims under Texas law will be dismissed.

It is ordered that Defendant's Motion to Dismiss is granted. Dismissal with respect to Lightfoot's Title VII retaliation claim is with prejudice, but the dismissal is otherwise without prejudice.

SIGNED OCTOBER 2, 2008.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

---

[7] Lightfoot contends that he was not required to file an administrative complaint on his state-law retaliation claim. He relies on *Elgaghil v. Tarrant County Junior College*, 45 S.W.3d 133 (Tex. App. Fort Worth 2000, pet. denied). The state appellate court in *Elgaghil* adopted the Fifth Circuit's reasoning in *Gupta* to carve out an exception to the exhaustion requirement for retaliation claims under TCHRA that grows out of an administrative charge that is properly before the court. *Id*. at 141-42. Not all Texas appellate courts recognize this exception. *See Davis v. Educ. Serv. Ctr.*, 62 S.W.3d 890, 894 (Tex.App.- Texarkana 2001, no pet.). Moreover, the exception only applies if there are underlying discrimination claims properly before the court. Lightfoot has not pled exhaustion of remedies with respect to any of his TCHRA claims; therefore, an exercise of ancillary jurisdiction is not appropriate.